Mr. Justice FIELD
 

 delivered the opinion of the court.
 

 The regulations of 1828, which were adopted to carry into effect the colonization law of 1824, prescribed with great particularity the manner in which portions, of the public domain of Mexico might be granted to private parties, for the pui’poses of residence and cultivation. Jt is unnecessary to state the several proceedings designated, as they have been the subjects of frequent consideration in previous opinions of this court. All of them, from the petition of the colonist or settler to the concession of the Governor, were required to be in writing, and when the concession was made, to be forwarded to the Departmental Assembly for its consideration. The action of that body was entered, with other proceedings, upon its journals, and these records, together with the documents transmitted to it, were preserved among the archives of the Government in the custody of the Secretary of State of the Department. The approval of the Assembly was essential to the definitive validity of the concession, and when obtained, a formal grant'was issued by the Governor to the petitioner. The regulations contemplated an approval to precede the issue of the formal grant; so when the grantee received this document the concession should be considered final. For a long time after the adoption of the regulations this course of proceeding was followed; but afterwards, and for some years previous to the conquest, a different practice prevailed, and the formal title-papers ’were issued without waiting for the action of the Assembly, a clause being inserted to the effect that the grant was subject to the approval of that body. Of the petitions presented and grants issued, whether before or after the approval of the Assembly, a record was required to be kept in suitable books provided for that purpose.
 

 
 *282
 
 As will be perceived from tbis statement, it was an essen* tial part of the system of Mexico, to preserve full record evidence of all grants of tbe public domain, and of the various proceedings by which they were obtained. When, therefore, a claim to land in California is asserted under an alleged grant' from the Mexican Government, reference must, in the first instance, be had to the archives of the country embracing the. period when the grant purports to have been made. If they furnish no information on the subject, a strong presumption naturally arises against the validity of the instrument produced, which can only be overcome, if at all, by the clearest proof of. its genuineness, accompanied by open and continued possession of the premises.
 

 Tested by this rule, the grant under which the appellant claims was properly rejected as invalid. The archives contain no trace of its existence, with the exception of a communication from the Deputy Secretary of the Assembly, addressed to the Secretary of State, informing the latter that the grant had been approved on the 15th of July* 1846. The certificate of approval produced by the claimant declares the approval to have been made on the 15th of June preceding. The journals of the Assembly destroy all confidence in the statements of both certificate and communication. They show that no session was held on the 15th of July, and that no proceedings with reference to the grant in question were had on the 15th of June. • There can be little doubt, therefore, that the communication was introduced among the archives subsequently to the acquisition of the country.
 

 Nor was there any evidence produced, either before the Board of Commissioners or the District Court, that the grantee ever entered into possession of the premises alleged to have been granted, or that the existence of the grant was known or suspected until long after the conquest.
 

 The decree of the District Court rejecting the claim must, therefore, be affirmed; and it is
 

 So ORDERED.